

# NUMBER 13-21-00302-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TANEISHA PAULIONO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

Pro se relator Taneisha Pauliono filed a petition for writ of mandamus in the above-referenced cause through which she generally asserts that the trial court[2] abused its

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2021-CCL-00621 in the County Court at Law No. 2 of Cameron County, Texas, and the respondent is the Honorable Laura Betancourt. *See id.* 52.2.

discretion by refusing to sign a final judgment and instead transferring the case to a different court. Relator requests that we direct the trial court to abate all proceedings in Court at Law No. 4 of Cameron County, Texas; sign the judgment "rendered" on August 17, 2021 by the judge of the County Court at Law No. 2 of Cameron County, Texas; and "stay this litigation pending final resolution, including [the] newly re-filed original complaint with Cause No. 2021-DCL-05313 in the Cameron County District Court . . . ."

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). In addition to other requirements, the relator must include a statement of facts supported by citations to competent evidence included in the appendix or record and must also provide a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k)

(specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the foregoing standard of review, is of the opinion that relator has not met her burden to obtain relief. Relator has failed to (1) include a statement of facts supported by citations to competent evidence included in the appendix or record, (2) provide a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record, and (3) file an appendix and record sufficient to support the claim for relief. *See* TEX. R. APP. P. 52.3; *id.* R. 52.3(k). Accordingly, we deny the petition for writ of mandamus and all relief sought therein.

JAIME TIJERINA
Justice

Delivered and filed on the
29th day of September, 2021.